UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS JOHN WILLIAMS,<br><br>                Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS, EDMONDS COMMUNITY COLLEGE, and SEATTLE TIMES NEWSPAPER COMPANY, INC.,<br><br>                Defendants. | CASE NO. C13-5505 RJB<br><br>ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, DENYING MOTION OF COUNSEL, AND DISMISSING CASE |

      This matter comes before the court on review of the file and on Mr. Williams' motion for appointment of counsel (Dkt. 2).

      **Complaint.** On June 24, 2013, Carlos John Williams, an inmate at Monroe Correctional Complex, filed a complaint *pro se*, alleging claims under the False Claims Act, 31 U.S.C. § 3729, *et seq*. Dkt. 1. The court has carefully reviewed the complaint in this matter. Because Mr. Williams filed this complaint *pro se*, the court has construed the pleadings liberally and has

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS, DENYING MOTION OF
COUNSEL, AND DISMISSING CASE- 1

afforded him the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

The complaint alleges that the Department of Corrections (DOC) and Edmonds Community College (Edmonds) offer G.E.D. programs to those offenders who want to earn a certificate of achievement acknowledging completion of the G.E.D. program; that the program is funded by "government" monies; that DOC and Edmonds awarded a certificate to inmate Christopher Johnson in 2008 and to Mr. Williams in 2009; that DOC was aware that Mr. Johnson already had a high school diploma and that Mr. Williams had a G.E.D., both from other states; that "[t]here is no telling how many inmates from out of state the prison and college is fraudulantly [sic] stealing money from the government"; and that Mr. Williams would be satisfied with receiving the *qui tam* provisions of the False Claims Act. Dkt. 1, at 1-2. Mr. Williams has also named the Seattle Times as a defendant. The complaint states that Mr. Williams notified a reporter with the Seattle Times of the claims thought a contract attorney for DOC; that the reporter gave her word that she would forward copies of material to Mr. Williams; that she has not done so; and that she will not accept collect calls from the prison. Dkt. 1, at 3.

**Filing Fee/Application to Proceed *In Forma Pauperis*.** Plaintiff did not pay the $400 filing fee for this case. He did not file an application to proceed *in forma pauperis*, although, in support of his request that the court appoint counsel to represent him, he submitted a "Financial Affidavit," stating that he has received $30 in the past twelve months from family and friends. Dkt. 2-1, at 2.

In an effort to afford plaintiff the benefit of the doubt, the court has construed that "Financial Affidavit" as a request that the court permit him to proceed *in forma pauperis*.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Mr. Williams has not provided sufficient information for the court to determine whether he is unable to pay the filing fee. However, even if he had, the case was improperly filed because Mr. Williams attempted to pursue a *qui tam* case *pro se*. Accordingly, Mr. Williams' request that court permit him to proceed *in forma pauperis* should be denied.

The court notes that Mr. Williams has filed numerous cases in this district *pro se* while he has been incarcerated. *See* C95-458BJR, C96-577BJR, C98-636TSZ, C98-706CRD, C99-1110BJR, C00-1199JCC, C00-1243BJR, C07-5216, C07-5285FDB, C13-615JLR (pending), and C13-5515RBL (pending). He is well acquainted with the requirements for filing a proper application to proceed *in forma pauperis*, as well as with the financial responsibilities associated with filing an action *in forma pauperis*. *See* 28 U.S.C. § 1915. Mr. Williams should be aware that any attempt in the future to circumvent the procedures for filing civil actions *in forma pauperis* may subject him to sanctions.

**Proceeding *Pro Se* on False Claims Act Case.** The False Claims Act subjects to liability any "person" who, among other things, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a).

Although a nonattorney may appear *pro se* on behalf of himself, he or she has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS, DENYING MOTION OF
COUNSEL, AND DISMISSING CASE- 3

Because *qui tam* relators are not prosecuting only their own case but also representing the United States and binding it to any adverse judgment the relator may obtain, a *pro se* relator cannot prosecute a False Claims Act (*qui tam*) action on behalf of the United States. *Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1126-27 (9th Cir. 2007). Mr. Williams attempted to bring this *qui tam* case without counsel. The case was improperly filed and subject to dismissal.

**Motion for Appointment of Counsel.** Mr. Williams has filed a motion, requesting that the court appoint counsel to represent him in this proceeding. Mr. Williams apparently recognizes that he must have counsel in order to proceed with this *qui tam* action.

Normally, if a plaintiff has been granted *in forma pauperis* status, the court may appoint counsel to represent him or her in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221,1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In this case, Mr. Williams has not been granted *in forma pauperis* status. Even if he had been, appointment of counsel is not warranted. First, in order to *file* this case, Mr. Williams was required to proceed through counsel. It would not be proper for the court to permit Mr. Williams to initiate the suit without counsel. A determination of the merits of the complaint by the court before counsel appears would implicitly validate Mr. Williams' filing of the *qui tam* action *pro se*. Second, to the extent that Mr. Williams availed himself of the benefits of the educational program, he could arguably be considered a defendant instead of a relator; the court should not put an attorney in a position of representing such a litigant. Third, the complaint does not state a

claim.  Mr. Williams may not sue the Department of Corrections under the False Claims Act. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 787-88 (2000)* (holding that the FCA does not subject a state or state agency to liability in a *qui tam* action brought by a private relator).  The complaint does not allege facts supporting fraudulent conduct on the part of Edmonds Community College.  The complaint does not state any arguable basis for a claim against the Seattle Times.  There are no exceptional circumstances warranting appointment of counsel in this proceeding.  The motion for appointment of counsel should be denied.

*Sua Sponte* **Dismissal.**  A federal court may dismiss *sua sponte* pursuant to Fed.R.Civ.P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed.R.Civ.P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").  *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). This case was improperly filed *pro se*.  If plaintiff wishes to proceed with his claims, he should obtain counsel. The case should be dismissed.

**IFP on Appeal.**  In the event that plaintiff appeals this order, and/or appeals dismissal of this case, IFP status should be denied by this court, without prejudice to plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.*

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS, DENYING MOTION OF
COUNSEL, AND DISMISSING CASE- 5

1    Accordingly, it is hereby **ORDERED** that plaintiff's application to proceed *in forma*
2  *pauperis* (Dkt. 2) is **DENIED**.  Plaintiff's motion for appointment of counsel (Dkt. 2) is
3  **DENIED**.  This case is **DISMISSED**. In the event that plaintiff appeals this order, IFP status is
4  **DENIED** by this court, without prejudice to plaintiff to file with the Ninth Circuit U.S. Court of
5  Appeals an application to proceed *in forma pauperis.*
6    The Clerk is directed to send uncertified copies of this Order to all counsel of record and
7  to any party appearing *pro se* at said party's last known address.
8    Dated this 27th day of June, 2013.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS, DENYING MOTION OF
COUNSEL, AND DISMISSING CASE- 6